41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clem CLEMMONS, a/k/a Joseph Cornelius Spears, Defendant-Appellant.
 No. 94-5004.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 18, 1994.
Decided November 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-92-132)
 Wayne Buchanan Eads, Raleigh, NC, for appellant. Janice McKenzie Cole, U.S. Atty., Steve R. Matheny, Sp. Asst. U.S. Atty., Raleigh, NC; Hal F. Askins, Sp. Deputy Atty. Gen., Raleigh, NC, for appellee.
 E.D.N.D.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Clem Clemmons was convicted by a jury of possession of a firearm by a felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). He was sentenced as an armed career criminal to a term of 188 months. 18 U.S.C.A. Sec. 924(e) (West Supp.1994); United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4 (Nov.1993). He appeals his sentence, asserting that his sentence violates due process and equal protection in that consideration of his prior convictions both to establish that he is an armed career criminal under Sec. 924(e) and to give him a guideline range in excess of the fifteen-year mandatory minimum sentence constitutes impermissible double counting. He further argues that the district court should have departed downward under guideline section 4A1.3. We affirm in part and dismiss in part.
 
 
 2
 Because Clemmons did not raise the double-counting issue in the district court, we apply the plain error standard of review. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We have previously held that the same conduct can be counted under different guideline sections unless such double counting is expressly prohibited by the guidelines. United States v. Crawford, 18 F.3d 1173, 1180 (4th Cir.), cert. denied, --- U.S.L.W. ----, 1994 WL 314040 (U.S.1994). In this case, we cannot say that any double counting occurred. Guideline section 4B1.4 implements Sec. 924(e), which requires a mandatory sentence of at least fifteen years (180 months). Clemmons' offense level was thirty-three and his criminal history category was IV; both were the minimum available under section 4B1.4. The resulting guideline range was 188-235 months. Had Clemmons accepted responsibility for his offense and received either a two-level or a three-level adjustment under section 3E1.1, his guideline range would have been lowered to 180-188 months, or to 180 months. USSG Sec. 5G1.1(c) (guideline sentence may not be less than statutorily authorized minimum sentence). However, Clemmons continued to deny his guilt after being convicted. Thus his own post-conviction conduct, rather than the operation of the guideline, foreclosed a fifteen-year sentence. We do not find the sentence plainly erroneous.
 
 
 3
 To the extent that Clemmons claims the district court erred in not departing sua sponte below the guideline range, appellate review is not available. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990). We dismiss that portion of the appeal.
 
 
 4
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, DISMISSED IN PART