70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adebisi Sulaiman FASHOLA, a/k/a Erastus Bolaji Adesanya,
a/k/a Solomon Douglas Fashola, Defendant-Appellant.
 No. 94-5769.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 8, 1995.
Decided Nov. 20, 1995.
 
 James K. Bredar, Federal Public Defender, Donna M. D'Alessio, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Odessa P. Jackson, Assistant United States Attorney, Raymond A. Bonner, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.
 Before HALL, NIEMEYER and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Adebisi Sulaiman Fashola appeals from his conviction for unauthorized reentry into the United States as a deported alien in violation of 8 U.S.C.A. Sec. 1326 (West Supp.1995). Fashola, a Nigerian citizen, entered the United States in September 1984. He was authorized to stay for six months, but he stayed past the authorized date.
 
 
 2
 In December 1988, Fashola pled guilty to distributing cocaine as an accommodation to another. Upon his conviction, the Immigration and Naturalization Service ("INS") deported him to Nigeria pursuant to 8 U.S.C. Sec. 1251(a)(11) (1988) in February 1989. Prior to his deportation, the INS served Fashola with an INS Form I-294 informing him that any deported person who returns without permission is guilty of a felony and if convicted may be punished by imprisonment of not more than two years and/or a fine of not more than $1000.[1]
 
 
 3
 Fashola illegally reentered the United States in June 1993 using his brother's name and visa. Based upon information provided by an anonymous caller, the INS arrested Fashola in January 1994. A grand jury returned a one-count indictment charging him with illegal reentry into the United States by a deported alien.
 
 
 4
 Prior to Fashola's trial, the Government filed a Notice/Information of Enhanced Penalty pursuant to Sec. 1326(b)(2). Furthermore, the court denied Fashola's motion in limine to allow him to present evidence at trial in support of a justification or necessity defense relating to alleged political persecution in Nigeria.[2] A jury convicted Fashola of the charge in the indictment.
 
 
 5
 At Fashola's sentencing, he contended that because the Form I-294 notice the INS served on him before he was deported misrepresented that he would face a maximum penalty of two years if he illegally reentered the United States, the Government was estopped from seeking imprisonment of more than two years. The court ruled that the Government was not so estopped despite the erroneous notice sent to Fashola. Although the court granted Fashola a downward departure, it declined to grant a downward departure on the ground that he received an unrevised INS notice. The court sentenced Fashola to a term of thirty-three months imprisonment, two years of supervised release, and imposed the mandatory $50 special assessment fee. Fashola then timely appealed.
 
 
 6
 Fashola first asserts that the court erred in denying his motion to present evidence at trial in support of his justification defense.[3] He alleges that the evidence introduced at the hearing on his motion in limine was sufficient to entitle him to present a defense of justification at trial.
 
 
 7
 In Crittendon, this court applied a four-prong test for determining whether a defendant is entitled to the justification defense. 883 F.2d at 330. Under Crittendon, a defendant is not entitled to the defense of justification unless: (1) the defendant was under an unlawful and present threat of death or serious bodily injury; (2) the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) the defendant had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. Id.
 
 
 8
 As the district court noted, even assuming that Fashola was under an unlawful threat of death in Nigeria, he has not presented any evidence, other than that his brother provided him with a United States visa and that he had former ties to this country, as to why he could not have fled to another country. See United States v. PolancoGomez, 841 F.2d 235, 238 (8th Cir.1988). Thus, he did not establish that he had no reasonable legal alternative to both illegally entering the United States and avoiding the threatened harm.
 
 
 9
 Moreover, Fashola failed to satisfy the fourth prong of the Crittendon test because he did not show that he was in immediate danger of death unless he entered the United States. Again, if all of Fashola's allegations are true, he could have avoided the imminent threat of death by entering another country. Because his proffered evidence did not meet the third and fourth prongs of the Crittendon test, Fashola was not entitled to present evidence in support of a justification defense. 883 F.2d at 330. Therefore, the district court properly denied his motion in limine.
 
 
 10
 Fashola also claims that because the Government misinformed him before he was deported that if he reentered the country he would be subject to prosecution and if convicted would a face a maximum sentence of two years imprisonment, his maximum sentence is limited to two years.
 
 
 11
 This court has held that the government is not equitably estopped from imposing a longer sentence than the sentence referred to in the INS form because the government's failure to amend the form to reflect the new, lengthier sentence does not amount to affirmative misconduct. United States v. Agubata, 60 F.3d 1081, 1083 (4th Cir.1995). Furthermore, Fashola's reliance on the INS form was not reasonable given the form's clear reference to the applicable statute and the statute's unambiguous recitation of the potential penalties for illegal reentry. Id. at 1084. Fashola's deliberate decision to commit a felony was not reasonable reliance on the form. Id. Therefore, the Government in this case was not estopped from seeking a sentence of more than two years imprisonment.
 
 
 12
 Fashola next claims that the district court erred by failing to grant him a downward departure on the basis of the unrevised INS Form I-294. A district court's refusal to grant a downward departure is appealable only when it is the result of the "court's mistaken view that it lacked the authority to depart." United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Appellant's sentencing transcript shows that the court relied on Smith, 14 F.3d at 666, to conclude that the INS's misrepresentation as to the maximum penalty was not a proper basis upon which to reward the Defendant with a downward departure. See Agubata, 60 F.3d at 1084. Furthermore, the district court granted Fashola a downward departure on other grounds, which shows that the court was aware of its authority to depart.
 
 
 13
 Fashola submits that Secs. 1326(a) and 1326(b) entail separate offenses. He contends that Secs. 1326(b)(1), (2) include as an element of the offense a prior conviction for a felony and an aggravated felony, respectively. He claims that because his prior conviction for an aggravated felony was neither alleged in the indictment nor proven at trial, he was convicted of illegally reentering the United States in violation of Sec. 1326(a), which carries a maximum sentence of two years. However, this court has unequivocally held that Sec. 1326(b) is a sentencing enhancement provision and not a separate criminal offense. United States v. Crawford, 18 F.3d 1173, 1177 (4th Cir.), cert. denied, 63 U.S.L.W. 3262 (U.S.1994).
 
 
 14
 Accordingly, we affirm Fashola's conviction and sentence. We deny Fashola's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The INS form sent to Fashola was not revised to reflect changes in Sec. 1326, which occurred in November 1988. The 1988 amendment to Sec. 1326 added Sec. 1326(b), which enhanced penalties for defendants who were previously convicted of a felony and then reenter the United States without permission. Consequently, at the time Fashola received the INS form, he was subject to Sec. 1326(b)(2), which provided that an alien who reenters the United States whose deportation was subsequent to a conviction for commission of an aggravated felony shall be imprisoned not more than fifteen years
 
 
 [2]
 Appellant alleged he reentered the United States because the Nigerian government was retaliating against him for his political association with a rival political party. He claimed that he reentered the United States to protect his life
 
 
 [3]
 In his brief, Fashola also refers to this defense as the defense of necessity. However, because he agrees with the Government that the proper test for deciding this issue is articulated in United States v. Crittendon, 883 F.2d 326, 330 (4th Cir.1989), which terms the defense as one of "justification," this court construes Appellant's claim as one alleging that he was entitled to the defense of justification