**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4699

CECIL ALLEN DEAN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-54-2)

Submitted: March 31, 2000

Decided: May 9, 2000

Before WIDENER, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Cagle, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, John C. Parr, Assistant United
States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecil Allen Dean pled guilty to aiding and abetting the possession of methamphetamine and marijuana with intent to distribute, 21 U.S.C.A. § 841(a) (West 1999), 18 U.S.C. § 2 (1994) (Count One), and possession of stolen goods, 18 U.S.C. § 2315 (1994) (Count Two). He appeals the sentence of 151 months imprisonment imposed by the district court, alleging that the district court erred in applying U.S. Sentencing Guidelines Manual §§ 3C1.1, 3E1.1, and 5C1.2 (1998), when it found that Dean obstructed justice by committing perjury, failed to demonstrate acceptance of responsibility, and failed to qualify for the safety valve reduction. Dean also claims that his sentence violates due process because perjury was not proved beyond a reasonable doubt. We affirm.

The district court found that, after his guilty plea but before he was sentenced, Dean gave materially false testimony at the trial of his cousin, Mike Turley, who was involved with Dean in methamphetamine trafficking. The thrust of Dean's false testimony was that Turley used methamphetamine but did not distribute it. The court also found that Dean had repeated his false testimony at the sentencing hearing. Consequently, the court increased Dean's offense level for obstruction of justice, see USSG § 3C1.1, denied him a reduction for acceptance of responsibility, see USSG § 3E1.1, and found that he did not qualify for a sentence under USSG § 5C1.2, the safety valve provision.

Dean does not challenge the district court's factual findings concerning obstruction of justice and acceptance of responsibility, but maintains that the court impermissibly double-counted by relying on the same conduct--his perjured trial testimony--to make both determinations. The district court did not err in this respect. Counting the same conduct under two or more guideline provisions is permitted unless expressly prohibited by the guidelines. See United States v. Crawford, 18 F.3d 1173, 1180-81 (4th Cir. 1994). Consideration of the same conduct to determine obstruction of justice and acceptance of responsibility is not only not prohibited under the guidelines, it is encouraged. See USSG § 3E1.1, comment. (n.4) (conduct resulting in

2

obstruction of justice adjustment ordinarily indicates lack of acceptance of responsibility).

Dean next contends that his testimony at the Turley trial was not relevant conduct or conduct in a closely related case given that Dean was not named in the same indictment or identified as a conspirator in the Turley case, and thus his testimony could not be a basis for the court's findings. See USSG § 3C1.1 (adjustment for obstruction of justice should be given when a defendant has obstructed or impeded the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct relates to the defendant's offense of conviction and any relevant conduct or to a closely related case). However, even though Dean and Turley were not co-defendants or named co-conspirators, at Dean's sentencing hearing the government produced evidence from Krista Jones and another conspirator which established that Turley and Dean in fact conspired together to acquire and sell methamphetamine. Thus, Turley's prosecution was a closely related case.

Dean's remaining arguments are without merit. First, we do not find that his is an extraordinary case in which both the obstruction of justice and acceptance of responsibility adjustments may apply. Next, the Supreme Court has held that only sentencing factors that increase the statutory maximum must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. See Jones v. United States, 526 U.S. 227, 243 n.6 (1999). Neither of the adjustments Dean complains of increased the statutory maximum sentence, and thus use of the preponderance of the evidence standard of proof at sentencing did not violate due process. Because the court found that Dean had not been fully forthcoming about Turley's involvement in the conspiracy, he could not meet the criteria for a sentence under § 5C1.2.

Last, while acknowledging that this court has held repeatedly that disparity between co-defendants' sentences is not a basis for a downward departure, see, e.g., United States v. Perkins, 108 F.3d 512, 515 (4th Cir. 1997), Dean suggests that this court should discourage enhancement of a sentence when the enhancement would create disparity because the defendant's sentence and that of a co-defendant. This we decline to do.

3

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4