UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

LUIS ARMANDO GARCIA-SANCHEZ,

　　　　　*Defendant-Appellant.*

No. 02-4084

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-218)

Submitted: July 31, 2002

Decided: August 8, 2002

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Luis Armando Garcia-Sanchez was charged in a one-count indictment with being an aggravated felon who entered the United States without consent of the Attorney General after having been previously deported in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). The district court sentenced him to sixty-five months in prison, three years of supervised release, and imposed a $100 special assessment.

The Presentence Report calculated Garcia-Sanchez's base offense level at eight. *U.S. Sentencing Guidelines Manual* § 2L1.2(a) (2000). Because Garcia-Sanchez had reentered the United States after having been deported following a conviction of assaulting a public servant, an aggravated felony, he received a sixteen-level enhancement. USSG § 2L1.2(b)(1)(A). This conviction was also included in his criminal history calculation.

On appeal, Garcia-Sanchez argues the district court erred in calculating his offense levels and criminal history by double-counting his conviction for assault on a public servant, because the prior conviction was a part of the same course of conduct as his current conviction and had also been considered in establishing the guideline range. Because Garcia-Sanchez did not raise the issue below, this court reviews his claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We have previously held that double-counting in the § 1326 context is appropriate under the Guidelines. *United States v. Crawford*, 18 F.3d 1173, 1179-80 (4th Cir. 1994). Accordingly, we affirm Garcia-Sanchez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*