UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                        No. 02-4210

BART KURTRICK MULLINS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-204, CR-01-222, CR-01-323)

Submitted: November 19, 2002

Decided: December 12, 2002

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bart Kurtrick Mullins appeals the sentence imposed by the district court following his guilty pleas to two counts of bank fraud in violation of 8 U.S.C. § 1344 (2000), and one count of conspiracy to make, possess, and utter counterfeit checks in violation of 8 U.S.C. §§ 371, 513 (2000). Mullins claims that the district court engaged in impermissible double counting by enhancing his sentence under separate provisions of the guidelines. Specifically, Mullins claims that the court erred by applying enhancements under both *U.S. Sentencing Guidelines Manual* § 2F1.1(b)(2) (2000) (providing two-level enhancement for offense involving more than minimal planning), and USSG § 2F1.1(b)(5)(C)(ii) (providing two-level enhancement for scheme that involved five or more documents of false identification).

Because Mullins did not preserve this objection at sentencing, we review his claim for plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996). Double counting is permitted by the guidelines except where it is expressly forbidden. *United States v. Crawford*, 18 F.3d 1173, 1179 (4th Cir. 1994). Neither § 2F1.1(b)(2) nor § 2F1.1(b)(5)(C)(ii) precludes double counting. Moreover, Mullins fails to suggest any factual connection between the use of five or more documents of false identification and his enhancement for more than minimal planning.

Accordingly, we conclude that the district court did not engage in impermissible double counting. Because we discern no error, let alone plain error, we affirm Mullins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*