UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 03-4210

MARTIN ALMARAZ-RAMIREZ,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James C. Turk, Senior District Judge.
(CR-02-76)

Submitted: July 10, 2003

Decided: July 17, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Michael T. Hemenway, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Martin Almaraz-Ramirez appeals his sentence of fifty-seven months' imprisonment for illegal reentry into the United States, in violation of 8 U.S.C. § 1326 (2000). Ramirez argues the district court erred by imposing a sixteen-level adjustment under *U.S. Sentencing Guidelines Manual* § 2L1.2(b)(1) (2002), and the district court engaged in impermissible "double counting" in imposing his sentence. Finding no error, we affirm.

Under USSG § 2L1.2(b)(1)(A), a sixteen-level increase is applied when the defendant has a previous conviction for a drug trafficking offense for which the imposed sentence exceeded thirteen months. Ramirez does not contest he was convicted of such a felony but argues because the indictment stated only that he was previously convicted of an aggravated felony, he should be sentenced under USSG § 2L1.2(b)(1)(C), which provides an eight-level increase when the defendant has a previous conviction for an aggravated felony. Because the indictment need not have specified the particular aggravated felony for which Ramirez was previously convicted, we find this claim meritless. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 536 U.S. 931 (2002).

Ramirez also contends the district court engaged in impermissible "double counting" when it used his prior drug conviction to increase both his guidelines range and his criminal history category. We reject this argument. *See United States v. Crawford*, 18 F.3d 1173, 1179-80 (4th Cir. 1994) (holding "double counting" is permissible under the guidelines except where it is expressly prohibited).

Thus, we affirm Ramirez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*