**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4383**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL RAMIREZ-ARROYO, a/k/a Ranferi S.
Arroyo,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr.,
District Judge. (CR-04-361)

_____

Submitted: February 17, 2006          Decided: March 14, 2006

_____

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Angela H. Miller, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Miguel Ramirez-Arroyo pled guilty to one count of illegal reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). He was found being in the country while serving a state sentence for two drug crimes. The presentence investigation report enhanced his sentencing guidelines offense level based on a prior conviction and used the same conviction to determine the criminal history category. Ramirez-Arroyo contends the district court erred by "double counting" his conviction. He further contends the district court erred by believing it did not have discretion under the advisory guidelines to impose a sentence concurrent rather than consecutive to the undischarged state sentence. Finding no error, we affirm.

Although district courts must now apply the sentencing guidelines as advisory, see United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), courts "are not left with unguided and unbounded sentencing discretion. Booker provides that they 'must consult those Guidelines and take them into account when sentencing.'" United States v. Green, __ F.3d __, 2006 WL 267217, *3 (4th Cir. Feb. 6, 2006) (quoting Booker, 543 U.S. at __, 125 S. Ct. at 767). We find no error in the calculation of the offense level or the criminal history category. United States v. Crawford, 18 F.3d 1173, 1180-81 (4th Cir. 1994) (using a prior conviction to enhance the offense level and the criminal history category was a

proper application of the guidelines).  We further find that under the guidelines, it was proper for the district court to impose a consecutive sentence.  There is no evidence the district court acted under the assumption that the guidelines were mandatory.  In fact, the district court made it clear at sentencing that the guidelines were only advisory.  It further listed those additional factors under 18 U.S.C.A. § 3553(a)(West 2000 & Supp. 2005) it used to determine the sentence.

Accordingly, we affirm the conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED