**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4592

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERTO DIAZ-RUEDA, a/k/a Roberto Diaz,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00043)

Submitted: March 29, 2007          Decided: April 3, 2007

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leonard G. Kornberg, Charlotte, North Carolina, for Appellant. Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Diaz-Rueda pled guilty to one count of illegal re-entry into the United States by a previously deported felon, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000). The district court sentenced Diaz-Rueda to fifty-seven months' imprisonment and two years of supervised release.[*] Diaz-Rueda's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in penalizing Diaz-Rueda three times for the same conviction. Specifically, he notes that Diaz-Rueda was convicted of the cocaine trafficking offense which formed the basis for his deportation, then he was assessed a sixteen-level increase to his base offense level based on the same conviction, and also received three criminal history points for the same conviction, resulting in an increase to his criminal history category from III to IV. Diaz-Rueda was given an opportunity to file a pro se brief, but has failed to do so.

In reviewing Diaz-Rueda's issue on appeal, we find no error. As we have held before, a district court properly may use

_____

[*]The probation officer calculated an advisory sentencing guideline range of fifty-seven to seventy-one months' imprisonment founded on an offense level of twenty-one and a criminal history category of IV, after a sixteen-level increase to Diaz-Rueda's base offense level of eight, pursuant to U.S. Sentencing Guidelines Manual,("USSG") § 2L1.2(b)(2)(A)(I) (2004), and a three-level reduction for acceptance of responsibility, pursuant to USSG §§ 3E1.1(a), (b).

a prior conviction to enhance the offense level and the criminal history category.  See United States v. Crawford, 18 F.3d 1173, 1180-81 (4th Cir. 1994).  Moreover, the district court properly "consult[ed the] Guidelines and [took] them into account when sentencing," United States v. Booker, 543 U.S. 220, ___, 125 S. 738, 767 (2005), it made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and imposed a sentence that was "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also United States v. Green, 436 F.3d 449, 456-57 (4th Cir. 2006) (finding a sentence within a properly calculated advisory range to be presumptively reasonable).  Given these facts, we find to be reasonable the district court's sentence at the low end of a properly calculated advisory guidelines range.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Diaz-Rueda's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>