**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5007**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JUAN ESPINOSA-MARTINEZ,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
Chief District Judge.   (7:07-cr-00021-FL)

Submitted:  March 26, 2009          Decided:  April 22, 2009

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George E. B. Holding, United States Attorney, Anne
M.  Hayes,  Banumathi  Rangarajan,  Assistant  United  States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Espinosa-Martinez pled guilty without a plea agreement to illegal reentry by a deported aggravated felon, in violation of 8 U.S.C. § 1326(a)(2), (b)(2) (2006). He now appeals his 118-month sentence, contending that it is unreasonable. We affirm.


I

Espinosa-Martinez's base offense level was 8. See U.S. Sentencing Guidelines Manual § 2L1.2 (2006). Sixteen levels were added because he previously was deported following a conviction for a felony drug trafficking offense for which he was sentenced to more than thirteen months in prison. See USSG § 2L1.2(b)(1)(A)(i). He received a three-level reduction for acceptance of responsibility. See USSG § 3E1.1(b). His total offense level therefore was 21.

Espinosa-Martinez's prior convictions resulted in thirty-five criminal history points. Of these, only twenty-one points were counted for the purpose of establishing his criminal history category because USSG § 4A1.1(c) precluded the counting of all points assigned to sentences of short duration. Two points were added because he was on probation at the time he committed the instant offense. See USSG § 4A1.1(d). One point was added because he committed the subject offense less than two

2

years following his release from custody. See USSG § 4A1.1(e). He had twenty-four total criminal history points, placing him in criminal history category VI (thirteen or more criminal history points).

His advisory Guidelines range was 77-96 months in prison. The United States moved for an upward departure on the ground that Espinosa-Martinez's criminal history category inadequately represented his criminal history and the likelihood that he would commit other crimes. The district court agreed with the United States and granted the motion. Using the incremental approach, see United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007), the court departed upward to offense level 24, for an advisory Guidelines range of 100-125 months.

After hearing from counsel and Espinosa-Martinez and considering the 18 U.S.C. § 3553(a) (2006) factors, the court sentenced him to 118 months in prison. In imposing sentence, the court took note of his twenty-five year criminal history, which included two previous federal convictions and two deportations, as well as the number of criminal history points, both counted and uncounted. The court expressed the need to protect the public from further criminal activity.

We review a sentence for reasonableness, using the deferential abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 597 (2007). We first consider whether the district court committed any significant procedural errors. United States v. Evans, 526 F.3d 155, 162 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). If not, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 128 S. Ct. at 597. While we may presume a sentence within the Guidelines range to be reasonable, we may not presume that a sentence outside that range is unreasonable. Id. Moreover, we must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and its determination regarding the extent of any variance. Id.

The district court may depart upward from an advisory Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. . . . " USSG § 4A1.3(a). In deciding whether a departure under § 4A1.3 is warranted, the sentencing court may consider uncounted prior sentences, USSG § 4A1.3(a)(2), as well as parole

and probation violations, <u>United States v. Lawrence</u>, 349 F.3d 724, 728 (4th Cir. 2003).

We conclude that Espinosa-Martinez's sentence is reasonable. In this regard, we note that the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the applicable § 3553(a) factors, and adequately explained its reasons for the fact and extent of the departure. <u>See</u> <u>Gall</u>, 128 S. Ct. at 597; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

III

We therefore affirm.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] To the extent that Espinosa-Martinez contends that his criminal history was impermissibly double-counted, we reject this claim. <u>See United States v. Torres-Echavarria</u>, 129 F.3d 692, 698-99 (2d Cir. 1997); <u>United States v. Crawford</u>, 18 F.3d 1173, 1179 (4th Cir. 1994).

5