**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5024**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOSE ISRAEL GOMEZ-ORTIZ, a/k/a Jose Rene Sanchez, a/k/a Jose
Israel Ortiz-Gomez,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever, III,
Chief District Judge.  (5:12-cr-00214-D-1)

Submitted:  June 20, 2013          Decided:  July 2, 2013

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Yvonne V. Watford-McKinney, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Israel Gomez-Ortiz (a native and citizen of El Salvador) pled guilty, without a written plea agreement, to illegally reentering the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b) (2006). At sentencing, the district court applied a 16-level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(i), based on two prior California state convictions for possession of crack cocaine for sale—an aggravated felony.[*] Gomez-Ortiz' total offense level, after a three-level reduction for acceptance of responsibility, was 21. With a criminal history category of V, Gomez-Ortiz' advisory Guidelines range was 70 to 87 months' imprisonment. After hearing defense counsel's arguments for a below-Guidelines sentence, the district court imposed an 84-month sentence. Gomez-Ortiz noted a timely appeal.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.;

---

[*] Section 2L1.2(b)(1)(A)(i) provides for a 16-level increase if a defendant illegally reenters the United States after being convicted of a felony drug trafficking offense, for which he received at least thirteen months' imprisonment.

2

see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006), factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010), cert. denied, 131 S. Ct. 3078 (June 27, 2011).

Gomez-Ortiz concedes that the district court committed no procedural error. His sole claim on appeal is that the 16-level enhancement is substantively unreasonable. However, this Court has rejected the policy challenge advanced by Gomez-Ortiz. See United States v. Rivera-Santana, 668 F.3d 95, 101-102 (4th Cir. 2012). This Court has also rejected claims that application of the 16-level enhancement results in impermissible double-counting. See United States v. Crawford, 18 F.3d 1173, 1178-79 (4th Cir. 1994).

Therefore, we affirm Gomez-Ortiz' sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED