**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4403**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO RASHAWN MCARTHUR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00396-D-1)

Submitted:  January 28, 2019                                Decided:  February 1, 2019

Before DIAZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Nicholas J. Regalia, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Rashawn McArthur appeals his 56-month sentence for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). He contends that the district court abused its discretion in departing upward for inadequacy of criminal history category. *See* U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2016). We affirm.

In determining whether a district court properly applied the Sentencing Guidelines, we review a district court's factual findings for clear error. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted).

"When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). "An upward departure may be warranted if 'reliable information indicates that the defendant's criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" *Id.* (quoting USSG § 4A1.3(a)(1), p.s.). In addition, a "district court may base an upward departure . . . on a defendant's prior convictions, even if those convictions are too old to be counted in the

2

calculation of the Guidelines range." *Howard*, 773 F.3d at 529. Appropriate information on which to base the departure may include "[p]rior sentence(s) not used in computing the criminal history category," "[p]rior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions," and "[p]rior similar adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(A), (B), (E), p.s.

Here, we conclude that the district court did not clearly err in finding that McArthur had participated in an assault on another inmate while in pretrial detention, and the court properly relied on McArthur's participation in the assault as well as his numerous unscored prior felony convictions and strong likelihood of recidivism to justify departing upward four criminal history levels. Insofar as McArthur contends that the district court improperly double counted his assault in denying a reduction for acceptance of responsibility and also departing upward, "double counting is permissible under the guidelines except where it is expressly prohibited." *United States v. Crawford*, 18 F.3d 1173, 1179 (4th Cir. 1994) (internal quotation marks omitted).

To the extent McArthur complains that the district court did not consider the intervening criminal history category levels, a district court is not required to "incant the specific language used in the guidelines, or go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects." *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007).

3

We conclude that the district court did not abuse its discretion in ruling that an upward departure from criminal history category II to VI was warranted in this case. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*