UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

MARCOS TADEO GALAN-PAREDES,
a/k/a Ceasar Galan, a/k/a Oscar
Galan,

           *Defendant-Appellant.*

No. 02-4313

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-01-202-1)

Submitted: September 23, 2002

Decided: October 9, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

Charles R. Burke, Virginia Beach, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Marcos Tadeo Galan-Paredes was convicted of illegal reentry by a deported alien, 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to seventy months in prison. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no appealable issues but raising two issues for review. Galan-Paredes has filed a pro se supplemental brief in which he says that his attorney's brief fully sets forth the issues that he believes should have been presented on appeal. We dismiss in part and affirm in part.

In 1992 Galan-Paredes was sentenced to six to twelve years in prison for first degree burglary. The record reveals that he broke into a dwelling with the intent to harm one of its occupants. Following his release from prison, he was deported. He made his way back to the United States. Virginia Beach police stopped him after he committed a traffic violation. A routine record check revealed that Galan-Paredes was a deported alien, and he was arrested.

Galan-Paredes pleaded guilty to the charge. His base offense level for his offense was eight. *See U.S. Sentencing Guidelines Manual* § 2L1.2(a) (2001). Sixteen levels were added because of his burglary conviction, a "crime of violence." *See* USSG § 2L1.2(b)(1)(A) & comment. (n.1(B)(ii)(II)). Three levels were subtracted for acceptance of responsibility, *see* USSG § 3E1.1(a), (b), for a total offense level of twenty-one. Galan-Paredes had twelve criminal history points; three of those points were for the 1992 burglary. His guideline range was seventy to eighty-seven months.

Galan-Paredes moved for a downward departure, contending that, under USSG § 2L1.2(b)(1)(C), only eight levels should have been added to his base offense level. At sentencing, however, Galan-

Paredes conceded that his offense level was properly enhanced by sixteen levels under USSG § 2L1.2(b)(1)(A). After hearing testimony and argument on Galan-Paredes' motion for downward departure, the district court denied the motion. The court sentenced him to seventy months in prison.

In the *Anders* brief, Galan-Paredes objects to using his 1992 burglary conviction in calculating both his offense level and his criminal history. He argues that this practice constitutes impermissible "double-counting." For the reasons stated in *United States v. Torres-Echavarria*, 129 F.3d 692, 699 (2nd Cir. 1997), we find no plain error. *See also United States v. Crawford*, 18 F.3d 1173, 1179 (4th Cir. 1994). Additionally, we find that the district court acted in accordance with the clear language of the guidelines when it increased the Defendant's base offense level by sixteen levels. *See* USSG §§ 1B1.1, comment. (n.5); 2L1.2(b)(1)(A).

Galan-Paredes also challenges the district court's denial of his motion for downward departure. Because the district court clearly understood that it had the authority to depart, its decision is not subject to appellate review. *See United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss in part and affirm in part. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that he served a copy of the motion on his client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*