**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4178

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RALPH E. MCCORMICK,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:04-cr-00211)

Submitted: October 25, 2006          Decided: December 7, 2006

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Eugene McCormick pled guilty to four counts of making, uttering, and possessing a forged security, in violation of 28 U.S.C. § 513 (2000), and was sentenced to forty-eight months in prison.  He now appeals his sentence.  We affirm.


I

McCormick served as the assistant to the comptroller and the comptroller of both SunLife Systems International and Multi-Tech Incorporated.  Between 1996 and 2002, McCormick embezzled approximately $1,800,000 from these companies by forging checks and redirecting the funds to his personal accounts.  He accomplished this by forging the signature of the companies' president or vice president on company checks or on Wells Fargo checks drawn off a corporate line of credit.  McCormick made the checks payable to himself and deposited the checks into any of a number of personal bank, brokerage, and insurance accounts.  He made fraudulent entries on the companies' books to conceal his crime.

McCormick's base offense level was 6.  See U.S. Sentencing Guidelines Manual § 2B1.1(a)(2) (2004).  Sixteen levels were added because of the amount of loss.  See USSG § 2B1.1(b)(1)(G).  Two levels were added because the offense involved sophisticated means, enabling McCormick to perpetuate the scheme for many years.  See USSG § 2B1.1(b)(9)(C).  An additional

two levels were added because McCormick abused a position of trust. See USSG § 3B1.3. Three levels were subtracted based on McCormick's acceptance of responsibility. See USSG § 3B1.3. His total offense level was 23, his criminal history category was I, and his guideline range was 46-57 months.

At sentencing, the court considered but denied McCormick's motion for downward departure based on age and infirmity. The court adopted the presentence report. After considering the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the district court concluded that a sentence within the advisory guideline range was appropriate. The court then imposed a sentence of forty-eight months.

II

McCormick first contends that the district court erred when it denied his motion for downward departure. Courts have continued to hold after United States v. Booker, 543 U.S. 220 (2005), that a district court's decision not to depart is not reviewable on appeal as long as the district court recognized that it had the authority to depart. United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases). Here, because the district court clearly realized that it could depart, the issue is not reviewable on appeal.

III

McCormick also contends that the district court erred when it applied the two-level enhancement for use of sophisticated means. After <u>Booker</u>, this court continues to review for clear error the district court's factual findings regarding calculation of the advisory guideline range. <u>United States v. Hampton</u>, 441 F.3d 284, 287 (4th Cir. 2006). There was far more to the offense than forging a signature, as McCormick contends. In contrast, over at least a six-year period, McCormick made fraudulent entries in corporate books to conceal his embezzlement of approximately $1,800,000 of company funds. He opened at least forty accounts at various banks, insurance companies, and brokerage houses, where he deposited the stolen money. Although he was instructed to close a $25,000 line of credit from Wells Fargo Bank once the balance of the account had been paid off, he instead changed the address for the account to his personal address and increased the amount of the credit line to $70,000. He repeatedly forged signatures to obtain money and made unauthorized charges to the account. In short, the district court did not err in finding that McCormick accomplished the crime through sophisticated means.

IV

Finally, McCormick asserts that the district court erred in enhancing his offense level by two levels based on abuse of a

- 4 -

position of trust.  He states that both this enhancement and the enhancement for use of sophisticated means were based on his status as the company's "bookkeeper," and that applying the two enhancements constitutes impermissible double counting.  However, counting the same conduct under two or more guideline provisions is permitted unless specifically prohibited by the guidelines.  <u>United States v. Reevey</u>, 364 F.3d 151, 158 (4th Cir. 2004); <u>United States v. Crawford</u>, 18 F.3d 1173, 1179-80 (4th Cir. 1994).  Because there is no guideline prohibition that precludes assignment of both enhancements at issue here, this claim lacks merit.


V

We accordingly affirm the sentence imposed by the district court but dismiss that part of the appeal challenging the refusal to depart.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.


<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>