**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4369**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SIMON CRUZ-VENEZ, a/k/a Simon Cruz-Yanez, a/k/a Simon Yanez-
Cruz,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (2:09-cr-00161-JBF-FBS-1)

Submitted:  November 30, 2010     Decided:  December 6, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Richard J.
Colgan, Assistant Federal Public Defender, Caroline S. Platt,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Katherine Lee Martin,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simon Cruz-Venez appeals the 48-month sentence imposed following his guilty plea to illegal reentry by an aggravated felon, 8 U.S.C. § 1326(a)(2) (2006). He contends that the sentence imposed was unreasonable. We affirm.

The court reviews Cruz-Venez's sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing a sentence, this court must first ensure that the district court committed no significant procedural error, such as incorrectly calculating the guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant [18 U.S.C.] § 3553(a) [(2006)] factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this Court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness. Gall, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if this court would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51).

Cruz-Venez does not dispute that his guidelines range was properly calculated. He argues instead that his sentence is substantively unreasonable because his offense level was enhanced by sixteen levels and his criminal history points by five based on his prior convictions which were over ten years old. However, this court has held that use of a prior conviction to increase the offense level and criminal history is permissible for the offense of reentry by an alien after a felony conviction. United States v. Crawford, 18 F.3d 1173, 1174-76, 1179 (4th Cir. 1994) (holding it is not impermissible double counting to treat prior felony as a specific offense characteristic under USSG § 2L1.2(b) and to count it in calculating criminal history under USSG § 4A1.1, where prior offense accounted for six of twelve criminal history points and

3

sixteen-level enhancement); see United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (affirming sixteen-level enhancement where the prior felony offense was fourteen years prior to the unlawful reentry conviction).

We apply an appellate presumption that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence). In rejecting Cruz-Venez's arguments for a lesser sentence, the district court thoroughly considered the § 3553(a) sentencing factors and determined that they were best served by the imposition of a within-guidelines sentence. Furthermore, the court acknowledged its authority to impose a downward variance sentence, but concluded that, in light of the seriousness of Cruz-Venez's prior felony offenses, his lack of respect for the law, the seriousness of his offense conduct of driving while under the influence and without a driver's license, and his unlawful reentry into the United States after having been deported, a variance was not warranted.

Under these circumstances, we conclude that the district court did not abuse its discretion and that Cruz-Venez's sentence is reasonable. Accordingly, we affirm Cruz-Venez's sentence. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED