**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4436**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

MIGUEL BARAJAS-GARCIA, a/k/a Filimon Soto-Martinez,

          Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00256-NCT-1)

_____

Submitted: December 16, 2010    Decided: December 27, 2010

_____

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  John W. Stone, Jr., Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Barajas-Garcia appeals the fifty-seven-month sentence imposed following his guilty plea to illegal reentry by an aggravated felon, 8 U.S.C. § 1326(a)(2) (2006). He contends that the sentence imposed was unreasonable. We affirm.

The court reviews Barajas-Garcia's sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing a sentence, this court must first ensure that the district court committed no significant procedural error, such as incorrectly calculating the guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant [18 U.S.C.] § 3553(a) [(2006)] factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this Court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness. Gall, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if this court would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51).

Barajas-Garcia does not dispute that his guidelines range was properly calculated. He argues instead that his sentence is substantively unreasonable and the district court should have imposed a sentence at the bottom of or below the guideline range because his offense level and his criminal history category overstate the seriousness of his offenses, and because of the unavailability of the fast track departure scheme.

We apply an appellate presumption that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence). In rejecting Barajas-Garcia's arguments

3

for a lesser sentence, the district court thoroughly considered the § 3553(a) sentencing factors and determined that they were best served by the imposition of a within-guidelines sentence. Furthermore, the court acknowledged its authority to impose a downward variance sentence, but concluded that, in light of the seriousness of Barajas-Garcia's prior offenses, his lack of respect for the law, his use of different names, and his unlawful reentry into the United States after having been deported, a variance was not warranted. We find no abuse of discretion in this determination. See United States v. Crawford, 18 F.3d 1173, 1174-76, 1179 (4th Cir. 1994) (upholding unlawful reentry sentence where offense level was increased by sixteen and criminal history points by six based on prior felony offense); see also United States v. Perez-Pena, 453 F.3d 236 (4th Cir. 2006) (holding that lack of fast track departure scheme does not amount to sentencing disparity warranting a lower sentence).

Under these circumstances, we conclude that the district court did not abuse its discretion in finding that a fifty-seven-month sentence was appropriate. We further conclude that Barajas-Garcia's sentence is reasonable. Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED