**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4102**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JUAN JOSE DERAS-LOVO, a/k/a Richard Chacon Melgar, a/k/a
Juan Jose Lovo, a/k/a Jaun Jose Lovo, a/k/a Juan Jose
Lovo-Deras, a/k/a Juan Richard Chacon Melgar,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:12-cr-00375-LMB-1)

Submitted: September 20, 2013      Decided: October 2, 2013

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Joshua Paulson,
Assistant Federal Public Defender, Caroline S. Platt, Appellate
Attorney, Alexandria, Virginia, for Appellant. Julia K.
Martinez, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Jose Deras-Lovo appeals from his conviction and twenty-four month sentence, entered pursuant to his guilty plea to illegal reentry after being deported subsequent to an aggravated felony. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether the sentence is procedurally and substantively reasonable. Neither Deras-Lovo nor the Government has filed a brief. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551

U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Counsel first questions whether the district court provided an adequate explanation for Deras-Lovo's sentence. The district court properly calculated the advisory Guidelines range, responded to the parties' arguments, and sufficiently explained the chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the Guidelines range). The court recognized Deras-Lovo's main argument that the United States was the only home he had ever known when granting him a departure for cultural assimilation. In addition, the court explicitly noted that it declined to give a variance sentence based upon Deras-Lovo's repeated criminal behavior and the fact that he paid no heed to his prior deportation. We conclude that there was no error in the district court's explanation of the given sentence.

If we find a sentence procedurally reasonable, we also must examine the substantive reasonableness of the sentence given the totality of the circumstances. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). A sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in

3

[§ 3553(a)(2)]." 18 U.S.C. § 3553(a). Even if we would reach a different sentencing result, this fact alone is insufficient to justify reversal of the district court. United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (internal quotation marks omitted).

Here, counsel avers that Deras-Lovo's sentence was substantively unreasonable because the illegal reentry guideline is fundamentally flawed. First, Deras-Lovo contends that his sentence was unreasonably high due to his marijuana conviction being used both to increase his offense level and to calculate his criminal history score. He also avers that his marijuana conviction is not as serious as other crimes that would trigger the twelve-level increase. As such, Deras-Lovo concludes that the twelve-level increase in his offense level resulted in a Guidelines range which exceeded that which was necessary to do justice in his case.

However, we have held that use of a prior conviction to increase both the offense level and criminal history is permissible for the offense of reentry by an alien after a felony conviction. United States v. Crawford, 18 F.3d 1173, 1179 (4th Cir. 1994) (holding it is not impermissible double counting to treat prior felony as a specific offense characteristic under U.S. Sentencing Guidelines Manual § 2L1.2(b) (2012) and to count it in calculating criminal

4

history, where prior offense accounted for six of twelve criminal history points and sixteen-level enhancement). Further, there was no substantive error in correctly calculating the offense level based upon Deras-Lovo's marijuana conviction. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (finding that, even in light of significant sentencing disparities, failure to impose below-Guidelines sentence was not substantively unreasonable given totality of the circumstances).

Next, Deras-Lovo contends that his sentence was substantively unreasonable because it was longer than necessary to deter him, as his longest prior sentence was only twelve months. We conclude that the district court did not abuse its discretion. Deras-Lovo illegally reentered the United States almost immediately after being deported. Thus, it was reasonable to believe that a substantially longer sentence was necessary to deter him from reentering again. Moreover, the district court did not base its sentence entirely on deterrence, as it also noted the nature and circumstances of Deras-Lovo's offense and his criminal history. See 18 U.S.C. § 3553.

Finally, Deras-Lovo asserts that his sentence was substantively unreasonable because the district court's reliance on USSG § 2L1.2 was erroneous. Specifically, Deras-Lovo contends that a sentence based upon § 2L1.2 is not entitled to a presumption of reasonableness in this court because the

5

deportation enhancement is not based on empirical data as required by Kimbrough v. United States, 552 U.S. 85, 110 (2007) (holding that district court may vary from the Guidelines based on policy disagreements). The Kimbrough opinion, however, did not require district courts to consider the presence or absence of empirical data underlying the Guidelines, see United States v. Rivera-Santana, 668 F.3d 95, 101-02 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012), nor did it permit appellate courts to discard the presumption of reasonableness for sentences "based on non-empirically grounded Guidelines." United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir. 2009).

Here, while the district court did not explicitly address Deras-Lovo's Kimbrough argument,[*] the court considered his criminal history, his current crime, and his lack of ties to El Salvador and found that, while a departure was warranted for cultural assimilation, a within-Guidelines range sentence was appropriate. The fact that the relevant Guidelines are not "empirically-based" does not provide a basis to second guess the district court's conclusion that a Guidelines sentence was

---

[*] This argument was raised in Deras-Lovo's motion for a departure based on cultural assimilation, which was granted, although not to the extent sought by Deras-Lovo. Deras-Lovo did not reargue this issue at the sentencing hearing when seeking a variance sentence.

6

appropriate. <u>See</u> <u>Mondragon-Santiago</u>, 564 F.3d at 367. Therefore, we hold that the district court did not abuse its discretion when it relied on USSG § 2L1.2.

Pursuant to <u>Anders</u>, we have examined the record for any meritorious issue and have found none. Accordingly, we affirm Deras-Lovo's conviction and sentence. This court requires that counsel inform Deras-Lovo in writing of his right to petition the Supreme Court of the United States for further review. If Deras-Lovo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Deras-Lovo. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>