**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4584**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

PRENTISE JAVAUGHN WILKINS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:12-cr-00075-D-3)

———————

Submitted: May 26, 2015                 Decided: May 29, 2015

———————

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Prentise Javaughn Wilkins appeals his sentence of 276 months (60 months for Count 1 and 216 months consecutively for Count 2) following his guilty plea pursuant to a plea agreement to two counts of use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1) (2012). The Government argues that Wilkins' appeal of his sentence is foreclosed by his waiver of appeal rights in his plea agreement. For the reasons that follow, we dismiss the appeal.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that the defendant knowingly and intelligently agreed to waive the right to appeal and the issue being appealed

2

is within the scope of the waiver. Id. at 169. Upon review of the record and the parties' briefs, we conclude that Wilkins knowingly and voluntarily waived the right to appeal his sentence, except for circumstances not extant in this appeal, and the issue he raises falls within the scope of the waiver. Accordingly, we dismiss the appeal of Wilkins' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED