**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4154**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

TREVIN MAURICE GIBSON,

                    Defendant - Appellant.

**No. 14-4169**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

MICHAEL RONDALE GIBSON,

                    Defendant - Appellant.

**No. 14-4183**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

DESHAUN ENTREA SPRUILL,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:12-cr-00075-D-1; 4:12-cr-00075-D-2; 4:12-cr-00075-D-4)

_____

Argued: September 17, 2015        Decided: October 22, 2015

_____

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Niemeyer and Judge Shedd joined.

_____

**ARGUED**: Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellants. Yvonne Victoria Watford-McKinney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF**: Terry F. Rose, Smithfield, North Carolina for Appellant Trevin Maurice Gibson. Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant Michael Rondale Gibson. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Deshaun Spruill, Michael Gibson, and Trevin Gibson (collectively, the defendants) each pleaded guilty to two counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In their consolidated appeals, they present the following issues: (1) whether Spruill's sentence is procedurally unreasonable; (2) whether Michael Gibson's and Trevin Gibson's sentences are substantively unreasonable; and (3) whether Trevin Gibson's sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Upon review of the defendants' sentences, we affirm the district court's judgment.

## I.

The defendants participated in a number of armed robberies between September 2011 and January 2012, which occurred at "fast food" restaurants throughout the eastern part of North Carolina. Trevin Gibson and Michael Gibson participated in, respectively, ten and five robberies. Deshaun Spruill participated in ten robberies and one additional robbery attempt.

In each of these robberies, various defendants, with their faces concealed by hooded sweatshirts, bandanas, or masks, entered a fast food restaurant brandishing firearms and knives. One defendant escorted the store manager at gunpoint to open the restaurant's safe, while the remaining defendants stayed in the

3

front of the restaurant and removed cash from the cash registers. The government described the robbery spree as a "reign of terror" across multiple jurisdictions, which required the use of substantial law enforcement resources and the coordination of multiple law enforcement agencies.

In June 2012, the defendants were charged with 16 counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and 16 counts of using firearms during the robberies, in violation of 18 U.S.C. § 924(c)(1).[1] Under their respective plea agreements, each defendant pleaded guilty to two counts of using or carrying a firearm during a crime of violence under Section 924(c)(1), in exchange for the government dismissing the other charges. These counts of conviction carried a mandatory minimum sentence of five years' imprisonment for the first offense and 25 years' imprisonment for the second offense, to be served consecutively. See 18 U.S.C. § 924(c)(1)(A), (C), (D). The government and each defendant agreed that the advisory guideline sentence for each defendant was the statutory minimum of 30 years' imprisonment. The district court accepted the defendants' guilty pleas, and

---

[1] Five defendants were accused of participating in this spree. Codefendant Marcus Garrett did not file an appeal of his conviction or his sentence. This Court dismissed codefendant Prentise Wilkins' appeal pursuant to a valid waiver of his appellate rights. See United States v. Wilkins, 604 F. App'x. 322, 323 (4th Cir. 2015).

4

found each of the three defendants guilty of the two firearms charges.

Spruill received a 396-month sentence, which upwardly departed from the advisory guideline sentence of 360 months. Spruill argued at the sentencing hearing that the minimum sentence allowed by statute would be sufficient punishment, because he had a difficult family background and no criminal record, had graduated from high school and enrolled in community college, had committed to enlisting in the Army, and had accepted responsibility for his actions. The district court explained that it had "considered all arguments [Spruill's] lawyer [had] made," but found that other factors warranted an upward departure. The court found that Spruill had participated in eight robberies and one attempted robbery, in addition to the two robberies forming the basis of Spruill's firearms convictions.

The court explained that the robbery spree "terrorized" the victims who were "making minimum wage" and "trying to live an honest life," and attributed Spruill's criminal conduct to his own "greed." During the sentencing hearing, the district court commented that Spruill had exhibited a "smirk," which indicated that Spruill felt "no remorse at all." Based on these factors, the district court concluded that "society needs to be protected from [Spruill]." The court relied on the dismissed robbery and

firearms counts to apply U.S.S.G. § 5K2.21, which allowed the court to upwardly depart "to reflect the actual seriousness of the offense based on conduct underlying a charge dismissed as part of a plea agreement." In sentencing Spruill for the first count of conviction, the court upwardly departed from the guideline sentence of 60 months, and imposed a sentence of 96 months. On the second count, the court imposed the guideline sentence of 300 months' imprisonment.

The district court also applied an upward departure in sentencing Michael Gibson. At the sentencing hearing, Michael Gibson argued that the guideline sentence was an appropriate sentence based on his youth, his substance abuse problems, and his acceptance of responsibility. Disagreeing with this argument, the government asked the court to consider a photograph from the September 3, 2011 robbery, which depicted a victim whose countenance reflected an "absolute vision of fear." The district court considered the violent nature of the robberies, the vulnerability of the victims, Michael Gibson's criminal history, and the dismissed robbery and firearms counts, and found that "serious punishment" was required "to reflect the serious nature of his crimes" and to "protect society." The district court cited the dismissed robbery and firearms charges and applied a Section 5K2.21 upward departure from the guideline sentence of 60 months and sentenced Michael Gibson to 132 months

6

on the first firearms count. The court imposed the guideline sentence of 300 months' imprisonment on the second firearms count.

The district court imposed a greater sentence on Trevin Gibson than the sentences received by any of his codefendants. When Trevin Gibson participated in the first two robberies, he was still in the custody of the Bureau of Prisons (BOP), serving a sentence in home detention for breaking and entering a sporting goods store and stealing 12 firearms. After his release from BOP custody, while on supervised release, Trevin Gibson participated in eight more robberies, bringing his total participation to ten robberies. Ultimately, Trevin Gibson was convicted of two firearms charges arising from robberies committed while he was on supervised release.

At his sentencing hearing, Trevin Gibson argued that the guideline sentence of 30 years' imprisonment was sufficient, especially considering the likely revocation of supervised release in his prior criminal case. However, he did not offer any particular mitigating reason that would have justified a more lenient sentence than those already imposed on Michael Gibson or Spruill. At the hearing, the government gave a vivid description of the robbery spree. In addition to describing the "reign of terror" that these robberies caused and the substantial law enforcement resources expended, the government

7

highlighted Trevin Gibson's prior criminal history and his participation in some of the robberies while still in BOP custody.

The district court found that Trevin Gibson's commission of the first two robberies while in BOP custody, and his commission of eight more robberies while on supervised release, reflected a complete lack of respect for the law. In addition, the district court discussed the severity of the robberies, their effect on the victims, and the likelihood that Trevin Gibson would engage in recidivist conduct. Taking into account Trevin Gibson's age, education, and "the entire record in this case," the court applied a Section 5K2.21 upward departure. As a result, Trevin Gibson received a sentence of 216 months' imprisonment on the first firearms count, increased from the guideline sentence of 60 months. He also received the guideline sentence of 300 months' imprisonment on the second firearms count, which yielded a cumulative consecutive sentence of 516 months' imprisonment for the two offenses. This appeal followed.

## II.

The defendants each present different arguments regarding their respective sentences and the reasons why those sentences should be vacated and the cases remanded for resentencing. Accordingly, we will address those arguments separately.

8

A.

Deshaun Spruill argues on appeal that the district court imposed a procedurally unreasonable sentence, in that the court failed to address directly the arguments that Spruill raised at sentencing.  Spruill asks that we adopt the Seventh Circuit's holding in United States v. Villegas-Miranda, and conclude that a district court must address all the sentencing arguments raised by a defendant that are "not so weak as not to merit discussion."  579 F.3d 798, 802 (7th Cir. 2009) (quoting United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)).

Assuming, without deciding, that we would adopt such a rule, the rule still would be inapplicable to the arguments that Spruill raised at his sentencing hearing.  The Seventh Circuit cases on which Spruill relies require only that a district court explain its rejection of a particular legal principle raised by a defendant.  See Villegas-Miranda, 579 F.3d at 803–04 (holding that a district court must address an argument that a defendant is entitled to credit for time served in state custody); Cunningham, 429 F.3d at 679 (vacating a district court sentence for failing to address the defendant's argument for a "diminished capacity" departure under U.S.S.G. § 5K2.13).  Here, however, Spruill did not advance arguments invoking any particular legal principle or doctrine.  Rather, Spruill's factual arguments, which included his enrollment in community

9

college and his commitment to enlist in the Army, concerned the appropriate weight to be accorded the circumstances of his personal history under the Section 3553(a) factors. Therefore, we do not give further consideration to Spruill's request that we adopt certain procedures imposed by the Seventh Circuit, and turn to consider his Section 3553(a) arguments under our own circuit precedent.

We have held that a district court must consider the statutory factors and explain the reasons for its sentence, but that the court need not explicitly reference Section 3553(a) or discuss on the record every statutory factor. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The district court is required only to make an individualized assessment that is adequate to allow meaningful appellate review. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Accordingly, we infer that the district court has considered all relevant arguments presented at the sentencing hearing, especially when the court states on the record that it has done so. See Rita v. United States, 551 U.S. 338, 358–59 (2007) (holding that the sentencing judge is not required to state explicitly that he has heard and considered all arguments when "[t]he record makes clear that the sentencing judge listened to each argument").

At Spruill's sentencing, the district court expressly stated that it had considered "all arguments [Spruill's] lawyer

10

has made" and "all [Section 3553(a)] factors" before sentencing Spruill. Those statements by the district court demonstrate that the court considered and rejected Spruill's arguments. Id. at 358. In addition, the court found that the "smirk" Spruill exhibited before the court was evidence of his lack of remorse, and indicated a need for incarceration to deter Spruill from engaging in future criminal activity. When the district court applied an upward departure under U.S.S.G. § 5K2.21, the court primarily relied on the nature and seriousness of the dismissed robbery and firearms counts. Considered as a whole, this record shows that the district court made an individualized assessment and gave an adequate explanation of its reasons for imposing Spruill's particular sentence. See Carter, 564 F.3d at 330. We thus conclude that Spruill's sentence was not procedurally unreasonable.

## B.

Michael Gibson argues that his sentence of 432 months' imprisonment was substantively unreasonable. He contends that the district court failed to consider his youth as a mitigating factor, overstated the seriousness of his youthful criminal history, and failed to consider the "effect of aging" in determining the likelihood that he would commit additional criminal acts if released. We address each of these arguments in turn.

11

This Court reviews the substantive reasonableness of a district court's sentence for abuse of discretion, taking into account the totality of the circumstances. Gall v. United States, 552 U.S. 38, 56 (2007); United States v. Morace, 594 F.3d 340, 345–46 (4th Cir. 2010). The Supreme Court also has held that the abuse-of-discretion standard requires that appellate courts reject the use of rigid percentage-based formulas when evaluating the substantive reasonableness of a non-guideline sentence. Gall, 552 U.S. at 47–49.

We conclude that Michael Gibson has not shown that the district court failed to consider his relative youth during the sentencing hearing. The district court stated on the record that it had "considered all arguments [Michael Gibson's] lawyer has made." This record is sufficient to show that the district court actually considered the argument concerning Michael Gibson's relative youth presented at the sentencing hearing. See Rita, 551 U.S. at 358–59; see also discussion supra Part II.A.

Additionally, we conclude that Michael Gibson's reliance on Roper v. Simmons, 543 U.S. 551, 569–70 (2005), and United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014), is unavailing. Unlike the defendant in Simmons, who was sentenced to the death penalty for acts committed as a juvenile, Michael Gibson was sentenced to a term of imprisonment, and received an upward

12

departure, for crimes he committed at 19 years of age.  Although this Court in Howard cautioned district courts against "focus[ing] extensively on a [juvenile criminal record] . . . at the expense of a reasoned analysis of other pertinent factors," 773 F.3d at 531, Michael Gibson's criminal history only includes one crime committed before his eighteenth birthday, and the district court mentioned that marijuana offense only in passing while focusing on his more serious adult convictions and on other Section 3553(a) factors.  And nothing in the record supports a conclusion that the court focused on that single marijuana offense "at the expense of a reasoned analysis of other pertinent factors."  Id.  Accordingly, we conclude that the district court did not fail to consider Michael Gibson's youth as a factor in determining his appropriate sentence.

Michael Gibson next argues that a total sentence of 30 years would have been sufficient in his case.  He notes that if he were given such a sentence he would be over 50 years old at the time of his release, and that, generally, statistics show that the incidence of recidivism drops significantly for offenders over 45 years old.  See Howard, 773 F.3d at 533 (collecting studies).  We are not persuaded by this argument. Statistical correlations among large populations will not undermine the validity of a district court's careful, individualized assessment of a particular defendant convicted of

13

a particular crime. We therefore turn to review the factors that the district court actually cited when sentencing Michael Gibson.

The district court emphasized the serious nature of the robberies, the vulnerability of the victims, and Michael Gibson's failure to "turn away from a criminal lifestyle" after his prior convictions. Michael Gibson's sentence of 432 months for the two firearms convictions reflects a 20-percent increase over the combined guideline sentence for both counts. His attempt to focus solely on the district court's greater upward departure on the first count ignores Gall's directive that substantive reasonableness be evaluated by examining the totality of the circumstances without "rigid mathematical formulation." 552 U.S. at 47–51. Moreover, without a plea agreement, Michael Gibson would have faced a statutory minimum of an additional 75 years' imprisonment for the three dismissed firearms counts that provided part of the basis for the Section 5K2.21 departure. See 18 U.S.C. § 924(c)(1)(C). Therefore, we conclude that the imposition of a six-year upward departure for the three dismissed firearms counts and the five robbery counts was not an abuse of discretion, and that Michael Gibson's 36-

14

year sentence is substantively reasonable under the totality of the circumstances.[2]

C.

Trevin Gibson argues that his sentence of 43 years is substantively unreasonable and violates the Eighth Amendment's prohibition against cruel and unusual punishment. We first analyze the substantive reasonableness of the sentence before turning to the constitutional question.

Trevin Gibson's central contention regarding substantive reasonableness is that the factual record was insufficient to support the 13-year upward departure imposed by the district court. As discussed above, we review the substantive reasonableness of a sentence for abuse of discretion under an analysis of the totality of the circumstances. Gall, 552 U.S. at 51.

The district court found that Trevin Gibson's participation in the robbery spree while still serving a sentence in BOP custody and on supervised release reflected "utter and sheer disrespect for the law," and indicated a high risk of recidivism

---

[2] Because the district court did not err in calculating Michael Gibson's advisory guideline sentence, and we determine that the district court did not abuse its discretion in applying a Section 5K2.21 departure, we need not address Michael Gibson's argument that the court's alternative variant sentence is substantively unreasonable.

if he were to receive only the minimum punishment afforded by statute. The court also discussed Trevin Gibson's participation in eight other robberies in the same spree, and concluded that "these violent, despicable acts" warranted an upward departure in sentence. Trevin Gibson's eight dismissed firearms counts would have carried a mandatory minimum of 200 years of additional imprisonment, see 18 U.S.C. § 924(c)(1)(C), but the district court applied only a 13-year upward departure under Section 5K2.21. Accordingly, we conclude that the district court listed sufficient reasons, complete with citations to the record, to support the substantive reasonableness of the upward departure.

Trevin Gibson argues, nevertheless, that the guideline sentence already accounted for his criminal history and the nature of the typical armed robbery, with the result that the district court unreasonably "double counted" those factors in imposing the upward departure of 13 years. However, contrary to Trevin Gibson's characterization of the sentencing proceedings, the district court only counted these factors once, because neither factor raised the advisory guideline sentence from the statutory mandatory minimum. And, in any event, the sentencing guidelines permit double counting unless expressly prohibited, which was not the case here. See United States v. Rivera-Santana, 668 F.3d 95, 102 (4th Cir. 2012) (holding that a single

16

prior conviction may properly be used to calculate two upward departures, an upward variance, and a sixteen-level enhancement, because the guidelines do not prohibit such multiple counting); see also United States v. Crawford, 18 F.3d 1173, 1179 (4th Cir. 1994) (holding that "double counting is permissible under the guidelines except where it is expressly prohibited") (internal quotation marks omitted). Accordingly, we conclude that Trevin Gibson's sentence is substantively reasonable.

Trevin Gibson also argues that his sentence of 43 years constitutes cruel and unusual punishment, in violation of the Eighth Amendment. We disagree.

Although the Eighth Amendment requires proportionality in punishment, the Supreme Court has made clear that the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." Graham v. Florida, 560 U.S. 48, 59–60 (2010) (emphasis added); see also United States v. Cobler, 748 F.3d 570, 575 (4th Cir. 2014). And the Supreme Court has identified only one such grossly disproportionate sentence of imprisonment, in Solem v. Helm, 463 U.S. 277, 303 (1983), in which the defendant received a sentence of life imprisonment without the possibility of parole for a single conviction for passing a bad check in the amount of $100. Id. at 281–82. Indeed, the Supreme Court even has upheld under the Eighth Amendment a sentence of 25 years to life imprisonment for a

17

single non-violent crime of shoplifting $1,200 worth of golf clubs. <u>Ewing v. California</u>, 538 U.S. 11, 18-20 (2003) (plurality opinion).

In contrast, Trevin Gibson was sentenced to a term of 43 years' imprisonment for two firearms offenses related to armed robberies, which were part of a robbery spree involving multiple violent crimes that "terrorized" several communities, and were committed while he was in home detention or on supervised release for another serious firearms offense. Trevin Gibson was responsible for over $5,000 in victim losses attributable to his crimes of conviction, and over $15,000 in victim losses related to the dismissed robberies. Therefore, we hold that, under the Supreme Court's proportionality decisions and our decision in <u>Cobler</u>, Trevin Gibson's sentence is not grossly disproportionate to his criminal conduct, even if considered solely with reference to the two counts of conviction. Accordingly, we conclude that his sentence does not violate the Eighth Amendment.

III.

For these reasons, we affirm the sentences of Deshaun Spruill, Michael Gibson, and Trevin Gibson.

<u>AFFIRMED</u>