**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-4310

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

ROBERTO MARTINEZ DEL PILAR, a/k/a Roberto Martinez Delpilar, a/k/a Roberto Martinez,

       Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:19-cr-00045-KDB-DCK-1)

Submitted: July 29, 2021                 Decided: August 4, 2021

Before THACKER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Martinez Del Pilar appeals the 105-month sentence imposed following his guilty plea to illegal reentry of a deported alien following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Del Pilar challenges only the procedural reasonableness of his sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion-standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). In reviewing the procedural reasonableness of a sentence, we ensure that the district court committed no significant procedural error, such as miscalculating the advisory Sentencing Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) factors, or insufficiently explaining the sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Here, because Del Pilar did not properly preserve his sentencing arguments in the district court, we review his claims only for plain error. "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).

Del Pilar first argues that the district court incorrectly calculated his advisory Guidelines range because the court improperly used his prior state felony convictions for trafficking in cocaine and statutory rape to both enhance his offense level with specific offense characteristics in U.S. Sentencing Guidelines Manual § 2L1.2 (2018), the Guideline provision applicable to illegal reentry convictions under § 1326, and also to

calculate his criminal history score. However, the commentary to USSG § 2L1.2 provides that "[a] conviction taken into account under [this section] is not excluded from consideration of whether that conviction receives criminal history points." USSG § 2L1.2 cmt. n.3. As we have recognized, the "commentary to the Sentencing Guidelines is authoritative and binding, 'unless it violates the Constitution or a federal statute, or is inconsistent with, or [a] plainly erroneous reading of' the Guideline itself." *United States v. Peterson*, 629 F.3d 432, 435 (4th Cir. 2011) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). Del Pilar has not made this showing. Additionally, we previously have upheld the use of a single prior conviction to increase both the offense level and criminal history score for an illegal reentry offense under § 1326. *See United States v. Crawford*, 18 F.3d 1173, 1178-80 (4th Cir. 1994) (holding that use of prior felony conviction both as a specific offense characteristic under USSG § 2L1.2(b) and to assess criminal history points was not impermissible double counting because it was not expressly prohibited by the Guidelines). Accordingly, the district court did not plainly err in calculating Del Pilar's Sentencing Guidelines range.

Del Pilar next argues that the district court erred by applying USSG § 5G1.3(d), p.s., and imposing a partially consecutive sentence, rather than applying USSG § 5G1.3(b), which would have required a concurrent sentence. Section 5G1.3(b) applies when an existing term of imprisonment resulted from another offense that is relevant conduct to the instant offense. Commentary to USSG § 5G1.3, however, explicitly states that USSG § 5G1.3(b) "does not apply in cases in which the prior offense . . . is a prior conviction for which the defendant received an increase under § 2L1.2," which Del Pilar did here. USSG

§ 5G1.3 cmt. n.2(B). Therefore, the district court did not commit plain error by applying § 5G1.3(d), p.s., which applies to "any other case involving an undischarged term of imprisonment."

Finally, Del Pilar argues that, in determining whether his illegal reentry sentence should run concurrently with his state statutory rape sentence, the district court failed to consider the Sentencing Commission's policy statement in USSG ch. 1, pt. A, § 3, p.s., that "the relationship between punishment and multiple harms is not simply additive," as required by § 3553(a)(5). While the court is required to assess the § 3553(a) factors in determining whether to run sentences consecutively or concurrently, *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir.), *cert. denied*, 140 S. Ct. 86 (2019), it need not "robotically tick through § 3553(a)'s every subsection," *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006). The record reveals that the court adequately considered the § 3553(a) factors, taking into consideration the seriousness of the offense, the need for general and specific deterrence, the history and characteristics of the defendant, and the need to avoid unwanted sentencing disparities.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4