**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4515

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EZEQUIEL MARTINEZ ARIAS, a/k/a Ezequiel Martines Arias, a/k/a Daniel Ortega Martinez, a/k/a Manuel Martinez Sanchez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00150-RJC-DSC-1)

Submitted:  September 1, 2022                    Decided:  October 6, 2022

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Anthony Martinez, Federal Public Defender, Jared P. Martin, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Charlotte, North Carolina, for Appellant.  William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ezequiel Martinez Arias pleaded guilty to reentry of a deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). On appeal, Arias challenges the procedural reasonableness of his 52-month sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). In reviewing the procedural reasonableness of a sentence, we ensure that the district court committed no significant procedural error, such as miscalculating the advisory Sentencing Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) factors, or insufficiently explaining the sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). We review a claim of error that was not properly preserved in the district court for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id.* at 685.

Arias first argues that the district court incorrectly calculated his advisory Sentencing Guidelines range by using his prior state felony conviction for heroin trafficking to both enhance his offense level under U.S. Sentencing Guidelines Manual § 2L1.2 (2018)—the guideline applicable to illegal reentry convictions under § 1326—and to calculate his criminal history score. However, the commentary to USSG § 2L1.2 provides that "[a] conviction taken into account under [this section] is not excluded from consideration of whether that conviction receives criminal history points." USSG § 2L1.2

3

cmt. n.3.   As we have recognized, the "commentary to the Sentencing Guidelines is authoritative and binding, 'unless it violates the Constitution or a federal statute, or is inconsistent with, or [a] plainly erroneous reading of' the Guideline itself." *United States v. Peterson*, 629 F.3d 432, 435 (4th Cir. 2011) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).   Arias has not made this showing.   Additionally, we have previously upheld the use of a single prior conviction to increase both the offense level and criminal history score for an illegal reentry offense under § 1326.   *See United States v. Crawford*, 18 F.3d 1173, 1178-80 (4th Cir. 1994) (holding that use of prior felony conviction both as a specific offense characteristic under USSG § 2L1.2(b) and to assess criminal history points was not impermissible double counting because it was not expressly prohibited by the Guidelines).

Arias next argues that the district court erred in applying USSG § 5G1.3(d), p.s., to impose a consecutive sentence, rather than applying USSG § 5G1.3(b), which directs courts to impose a concurrent sentence to an undischarged term of imprisonment.   Per its terms, USSG § 5G1.3(b) applies when an existing term of imprisonment resulted from another offense that is relevant conduct to the instant offense.   Commentary to USSG § 5G1.3, however, explicitly states that USSG § 5G1.3(b) "does not apply in cases in which the prior offense . . . is a prior conviction for which the defendant received an increase under § 2L1.2," as is the case here.   *See* USSG § 5G1.3 cmt. n.2(B).   Instead, the district court correctly applied § 5G1.3(d), p.s., which applies to "any other case involving an

undischarged term of imprisonment."[*]  Therefore, the district court did not plainly err in calculating Arias' Sentencing Guidelines range.

Arias additionally argues that the district court failed to adequately explain its reasons for imposing a consecutive sentence.  Specifically, Arias asserts that, even if the district court correctly determined that USSG § 5G1.3(d), p.s., applied to his case, the court failed to adequately address his nonfrivolous argument that he would have faced a lower sentence if his heroin trafficking and illegal reentry charges had been brought together in federal court.  Because Arias objected to the sentence as being greater than necessary after it was imposed, this issue was properly preserved.  *See United States v. Lynn*, 592 F.3d 572, 577-78 (4th Cir. 2010).

As relevant here, the application note to USSG § 5G1.3(d), p.s., provides that the district court should consider: (i) the § 3553(a) factors; (ii) the type and length of the prior undischarged sentence; (iii) the time served on the prior undischarged sentence and the time likely to be served before release; (iv) whether the prior undischarged sentence was imposed in state court rather than federal court; and (v) any other circumstances relevant to an appropriate sentence for the instant offense.  *See* USSG § 5G1.3(d), cmt. n.4(A).

---

[*] Arias has filed a Fed. R. App. P. 28(j) notice of supplemental authorities relying on our recent decision in *United States v. Campbell*, 22 F.4th 438, 447 (4th Cir. 2022) (holding commentary to USSG § 4B1.2 was inconsistent with text of USSG § 4B1.2(b) for purposes of career offender enhancement).  In *Campbell*, we explained that, because the commentary to USSG § 4B1.2 expanded the definition of a "controlled substance offense," the commentary was plainly inconsistent with the Guidelines and thus not entitled to deference.  *Id.* at 443-49.  Because Arias fails to demonstrate any inconsistency between the relevant commentary and guidelines in his case, his reliance on *Campbell* is misplaced.

Moreover, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [the court] has rejected those arguments." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). The record confirms that the district court adequately considered Arias' arguments in favor of a concurrent sentence but ultimately found that a consecutive sentence was necessary to deter Arias and to protect the public. We therefore conclude that the district court did not procedurally err in its explanation for imposing a consecutive sentence.

Finally, Arias argues that, in fashioning his sentence, the district court erroneously assumed that he was a drug trafficking recidivist, in violation of his due process rights. A criminal defendant has a due process right to be sentenced based on accurate information. *United States v. Nichols*, 438 F.3d 437, 440 (4th Cir. 2006). Relatedly, the Supreme Court has recognized that a sentencing court procedurally errs when it sentences a defendant "based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A [factual] finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). The record does not demonstrate that the district court relied on any clearly erroneous information in imposing its sentence. Consequently, we conclude that Arias' sentence is procedurally reasonable.

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*